# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

michael@faillacelaw.com

August 1, 2019

**BY ECF**
Hon. Henry Pitman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

　　　　　　　　　　Re:　　Cuahua Tetlactle v. Karpenisi Rest. Inc. et al.
　　　　　　　　　　　　　　18-cv-09554

Your Honor:

　　　This office represents Plaintiffs Nereo Cuahua Tetlactle (a/k/a Cesar) ("Plaintiff Tetlactle"), Placido Xochiquiquisqui Garcia ("Plaintiff Xochiquiquisqui"), and Sergio Cuahua Mayahua ("Plaintiff Mayahua") (collectively "Plaintiffs") in the above referenced matter. Plaintiffs write to submit this letter setting forth their views on why the agreed upon settlement in this matter is fair.

　　　The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

　　　Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

　　　Plaintiff Tetlactle was employed by Defendants from approximately July 2016 until on or about May 25, 2018. Throughout his employment with Defendants, Plaintiff Tetlactle regularly worked in excess of 40 hours per week. From approximately July 2016 until on or about June 2017, Defendants paid Plaintiff Tetlactle $9.00 per hour. From approximately July 2017 until on or about December 2017, Defendants paid Plaintiff Tetlactle $11.00 per hour. Plaintiff Tetlactle's

pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Plaintiff Xochiquiquisqui was employed by Defendants from approximately September 15, 2015 until on or about May 25, 2018. Throughout his employment with Defendants, Plaintiff Xochiquiquisqui regularly worked in excess of 40 hours per week. From approximately September 2015 until on or about December 2017, Defendants paid Plaintiff Xochiquiquisqui $9.00 per hour. From approximately January 2018 until on or about May 25, 2018, Defendants paid Plaintiff Xochiquiquisqui $13.00 per hour. Plaintiff Xochiquiquisqui's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Plaintiff Mayahua was employed by Defendants from approximately April 2017 until on or about May 26, 2018. Throughout his employment with Defendants, Plaintiff Mayahua regularly worked in excess of 40 hours per week. From approximately April 2017 until on or about December 2017, Defendants paid Plaintiff Mayahua $9.00 per hour. Plaintiff Mayahua's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Defendants categorically deny the allegations in the Complaint.

### 2. **Settlement Terms**

Plaintiff Tetlactle alleges he was entitled to back wages of approximately $2,233.25. Plaintiff Xochiquiquisqui alleges he was entitled to back wages of approximately $12,458.00. Plaintiff Mayahua alleges he was entitled to back wages of approximately $6,786.00.

Plaintiff Tetlactle estimates that if he had recovered in full for his claims, he would be entitled to approximately $18,286.50 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff Xochiquiquisqui estimates that if he had recovered in full for his claims, he would be entitled to approximately $43,201.00 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff Mayahua estimates that if he had recovered in full for his claims, he would be entitled to approximately $25,922.00 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $20,000. The settlement will be paid in a lump sum.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Page 3

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiffs worked less hours than they claimed, and indicated they were willing to provide witnesses to this effect.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $6,600.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provides that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $7,785.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Michael Faillace's standard billing rate is $450 an hour (MF), Mr. Daniel Tannenbaum's standard billing rate is $350 an hour (DT) and Mr. Shawn Clark standard billing rate was $375 an hour (SC). PL stands for paralegal work, at an hourly rate of $100 an hour.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement have provided Plaintiffs with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively

Page 4

low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Shawn Clark is a litigation associate at Michael Faillace & Associates. A fifth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Daniel Tannenbaum is an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. Since joining Michael Faillace & Associates, P.C. in March 2019, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace

                                Michael Faillace, Esq.
                                MICHAEL FAILLACE & ASSOCIATES, P.C.
                                Attorneys for the Plaintiff

Enclosures